**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re<br>Nassim Aoude<br>    Debtor | Chapter 7<br>No. 19-40474-CJP |
| Autism Intervention Specialists, LLC.<br>    Plaintiff<br>v.<br><br>Nassim Aoude<br>    Defendant. | Adv. Pro.<br>No. 19-4026 |

**ANSWER**

**FIRST RESPONSE**

As his first response Nassim Aoude (Aoude or the Debtor) responds to each numbered allegation in the complaint.

1. Paragraph 1 sets forth a preliminary state for which no answer is required.

2. Denied.

3. The first sentence of Paragraph 3 is admitted. Aoude has insufficient information to respond to the balance of the allegations in Paragraph 3.

4. Denied.

5. Denied.

6. Aoude avers that the document speaks for itself and no further answer is required.

7. Denied.

8. Denied.

9. Aoude admits that Autism Behavioral Services, Inc. was organized on October 22, 2013, and

1

that his father was listed as the sole officer and director for the first four months on the Secretary of State's web-site, and that the brief description of the business was as stated in the complaint.

10. Admitted.

11. Denied as stated. Aoude does admit that the formal amendment to the listed officers and directors was filed approximately four months after the entity was organized.

12. The first sentence of Paragraph 12 is admitted and the second sentence is denied.

13. Aoude avers that the document spoke for itself. Further responding Aoude avers that no time-frame for the referenced language is stated.

14. Aoude avers that the document spoke for itself. Further responding Aoude avers that no time-frame for the referenced language is stated

15. Denied.

16. Denied except to the extent that the quotation from the decision of the 1st Circuit Court of Appeals in 1990 is an accurate reflection of what was stated by that court.

17. Admitted.

18. Aoude avers that the document speaks for itself and no further answer is required.

19. Aoude has insufficient information to admit or deny all of the industries in which George Torbay was employed.

20. Aoude has insufficient information to admit or deny the allegations set forth in Paragraph 20.

21. The first sentence of Paragraph 21 is denied as stated. The second conclusory sentence is denied to the extent it is intended to state a fact.

22. Denied.

23. Aoude denies the first part of Paragraph 23 and has insufficient information to admit or deny the 2nd part of the sentence.

24. Aoude admits that he hired four of the plaintiff's former employees after they left the Plaintiff's employ because of their dissatisfaction with the management and work environment at the Plaintiff's place of business.

25. Aoude denies the underlying assumptions of fact set forth in Paragraph 25. Aoude has insufficient information to admit or deny what the Plaintiff would have done if the assumptions were accurate.

26. Denied.

27. Aoude admits so much of Paragraph 27 that alleges itigation was initiated in New York and that the Plaintiff and its parent company filed a counterclaim. The balance of the allegation is denied.

28. Aoude avers that the document speaks for itself and no further answer is required.

29. Admitted.

30. Aoude avers that the document speaks for itself and no further answer is required.

31. Admitted.

32. Aoude avers that the documents speak for themselves and no further answer is required.

33. Aoude has insufficient information to respond to the allegations in Paragraph 33 but admits that the Plaintiff has demanded that Aoude or Autism Behavioral Services, Inc. continue to defend the litigation brought against the Plaintiff by Behavioral Concepts, Inc.

34. It is admitted that Aoude seeks to discharge in his bankruptcy proceeding all of his dischargeable debts.

35. No answer required.

36. Paragraph 36 sets forth a legal conclusion to which no answer is required.

37. The first sentence of Paragraph 37 is denied. With respect to the second sentence Aoude avers that the documents speak for themselves and no further answer is required. With respect to the third sentence Aoude avers that the allegations do not identify with particularity any alleged statement making a response impossible. Further responding Aoude avers that neither the Worcester Superior Court nor the New York state complaint resulted in a judgment against Aoude.

38. Aoude avers that the allegations of Paragraph 38 contain a legal conclusion to which no response is required.

## SECOND DEFENSE
## FAILURE TO STATE CLAIM

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE
## LACK OF STANDING

The Plaintiff lacks standing to prosecute this complaint.

WHEREFORE, Nassim Aoude prays that:

1. This court dismiss the complaint; and

2. He be granted his attorney's fees and costs and such further and other relief as is just.

        Nassim Aoude
        By his attorney


        /s/ David M. Nickless _____
        David M. Nickless, Esq. (BBO No. 371920)
        Nickless, Phillips and O'Connor
        625 Main Street
        Fitchburg, MA 01420
        978-342-4590
        dnickless@npolegal.com

## CERTIFICATE OF SERVICE

I, David M. Nickless, do hereby certify that I served a copy of the within pleading via ECF to the following:

Peter J. Duffy, Esq.
Pollack, Soloman, Duffy
101 Huntington Ave, Suite 530
Boston, MA  02199
*pduffy@psdfirm.com*


Dated:  July 29, 2019                                          /S/   David M. Nickless
                                                               David M. Nickless