## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 19-40474-CJP |
| NASSIM S. AOUDE | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| AUTISM INTERVENTION | ) | |
| SPECIALISTS, LLC | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 19-04026-CJP |
| v. | ) | |
| | ) | |
| NASSIM S. AOUDE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## SUPPLEMENTAL MEMORANDUM OF DECISION AND ORDER
## GRANTING SUMMARY JUDGMENT

For the reasons set out in a Memorandum of Decision dated February 18, 2022 [Dkt. No. 29], I denied the motion for summary judgment filed by Defendant Nassim S. Aoude (the "Motion") but indicated that summary judgment could enter in his favor on other grounds that I raised *sua sponte*, subject to the parties having an opportunity to address those grounds [Order, Dkt. No. 30]. *See* Fed. R. Civ. P. 56(f)(2)-(3); Fed. R. Bankr. P. 7056 (applying Civil Procedure Rule 56 in adversary proceedings). Both Mr. Aoude and Plaintiff Autism Intervention Specialists, LLC ("AIS") filed supplemental briefing in response to the Memorandum of Decision [Dkt. Nos. 34 & 35, respectively]. After considering those responses, I hereby grant summary judgment in favor of Mr. Aoude for the reasons stated in the Memorandum of

Decision, which is incorporated in its entirety in this decision and order by reference.[1]

In its response, AIS argues that summary judgment should not enter because I did not

adequately consider the Settlement Agreement and the fact that in that agreement "'Mr. Aoude

reaffirm[ed] his existing indemnification obligation, including but not limited to his obligation to

indemnify AIS in the [Preexisting Litigation].'"   AIS Resp. 7 (emphasis omitted) (quoting

Settlement Agreement ¶ 6).   Noting that "[i]t is well-established that reducing a fraud-based

litigation claim to a settlement agreement does not change the nature of the debt for

nondischargeability purposes from fraud-based to contract-based," AIS argues that the

reaffirmed obligation of defense and indemnification by Mr. Aoude was an important economic

term in the settlement of fraud claims and should be cloaked in any original fraud perpetrated by

Mr. Aoude.   AIS Resp. 7-9 (citing *Archer v. Warner*, 538 U.S. 314, 320 (2003)).   AIS

analogizes the settlement agreement obligations in this case to the promissory note given as part

of a settlement of fraud claims in *Archer*.   In that case, the Supreme Court concluded that the

obligations represented by the promissory note retained the same character as the claims that had

been settled.   *Archer*, 538 U.S. at 323.

Unfortunately for AIS, extending that analogy to this case potentially only benefits

PCFA, which is not a party to this adversary proceeding.   As stated in the Memorandum of

Decision, AIS was controlled by Mr. Aoude at the time of the underlying transaction—the

Purchase Agreement—and thus AIS could not have been defrauded by Mr. Aoude at that time

since his knowledge is imputed to AIS.   AIS also suffered no damage because of Mr. Aoude's

alleged fraud, as the fraud allegations related to other aspects of the Purchase Agreement, not to

the defense and indemnification of the Preexisting Litigation, and AIS was actually in a better

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning given them in the
Memorandum of Decision.

position after the Purchase Agreement was signed because of the defense and indemnification provision relating to the Preexisting Litigation, as discussed in the Memorandum of Decision. Absent evidence of fraud in connection with the Settlement Agreement, Mr. Aoude reaffirming the defense and indemnification obligations did not create nondischargeable obligations to AIS where none existed prior to the settlement.   While certainly it appears that PCFA may have possessed claims and apparent damages arising from Mr. Aoude's alleged fraud, which could form the basis of an objection to discharge of debt under § 523(a), AIS is not able to establish on this record that it suffered cognizable damages as a result of that alleged fraud.   Contrary to the arguments made by AIS, no reasonable inference may be made that creates a genuine issue of material fact that could demonstrate relevant cognizable damages as to AIS.   Further, whether PCFA would have negotiated different terms in the Purchase Agreement is relevant only to the damage claims that could only have been asserted by PCFA, and whether Mr. Aoude potentially prejudiced his credibility as a witness in the Preexisting Litigation is speculative and well beyond the contractual defense and indemnification claims asserted by AIS in this case.

Accordingly, judgment shall enter in favor of Mr. Aoude on the single cause of action set out in AIS's Complaint, incorporating both § 523(a)(2)(A) and § 523(a)(4).

Dated: April 11, 2022                                            By the Court,

                                                                Christopher J. Panos
                                                                U.S. Bankruptcy Judge